Lon A. Jenkins (4060)
Tami Gadd-Willardson (12517)
MaryAnn Bride (13146)
Katherine T. Kang (14457)
OFFICE OF THE CHAPTER 13 TRUSTEE
405 So. Main Street, Suite 600
Salt Lake City, Utah 84111
Telephone: (801) 596-2884
Facsimile:  (801) 596-2898
Email: utahtrusteemail@ch13ut.org

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF UTAH**
**NORTHERN DIVISION**

| | |
|---|---|
| In re: | Case No.  18-25349 |
| CHRISTOPHER ROCKWELL WHITHAM | Chapter 13 |
| Debtor. | Hon. Joel T. Marker |
| | *(Confirmation Hearing: October 2, 2018)* |

**TRUSTEE'S MOTION TO DISMISS WITH PREJUDICE UNDER 11 U.S.C. §**
**105(a) AS THE DEBTOR HAS FAILED TO PROPERLY PROSECUTE**
**BANKRUPTCY CASE UNDER § 109(g) AND HAS PARTICIPATED IN A SCHEME**
**TO DELAY, HINDER OR DEFRAUD CREDITORS UNDER 11 U.S.C. § 362(d)(4)**

Lon A. Jenkins, Chapter 13 Trustee, by and through counsel, hereby moves for an order of

dismissal with prejudice to prevent future abuse of the bankruptcy by the Debtor's serial filings.

In support thereof, the Trustee represents as follows:

**FACTS**

1.      The Debtor filed for relief under Chapter 13 on July 20, 2018.

2.      The Debtor did not appear at the 341 Meeting on August 24, 2018, as required by

§343 and Local Rule 2003-1(a).

3.      The Debtor did not tender the initial plan payment at the 341 Meeting as required by § 1326(a)(1) and Local Rule 2083-1(c).

4.      The Debtor's plan has not yet been confirmed as the Confirmation Hearing is scheduled for October 2, 2018.

5.      This is the Debtor's fourth Bankruptcy case in the last four years…

| Case number | Date filed | Date dismissed | Mortgage arrears | Plan payments |
|---|---|---|---|---|
| 15-21881 | 3/6/2018 | Voluntarily Converted to Chapter 7 on 5/11/2015<br><br>Dismissed on 7/16/2015 | Deficiency Notice not resolved.<br><br>Relief from Stay granted on Debtor's real property located at 832 East Mar Jane Avenue, Murray UT 84107 on 6/9/2015<br><br>Relief from Stay granted on Debtor's real property located at 5730 South 900 East #12, Murray UT 84121 on 6/29/2015 | 0 plan payments made<br><br>No plan filed |
| 17-24831 | 6/1/2017 | Dismissed on 6/21/2017 for failure to make filing fee installment payments | Deficiency Notice not resolved. | 0 plan payments made<br><br>No plan filed |
| 18-21892 | 3/22/2018 | Dismissed on 5/23/2018 for failure to comply with 11 U.S.C. 521(a)(1). | Deficiency Notice not resolved.<br><br>Relief from Stay and Co-Debtor Stay granted on Debtor's real property located at 832 East Mar Jane Avenue, Murray UT 84107 on 4/25/2018. | 0 plan payments made<br><br>No plan filed |

| | | | Relief from Stay granted on real property located at 14497 South Gray Fox Drive, Bluffdale UT 84065 on 5/10/2018. | |
|---|---|---|---|---|
| 18-25349 | 7/20/2018 | | Deficiency Notice not resolved. | 0 plan payments made<br><br>No plan filed |

6. To date, Debtor has failed to fail the list of creditors, Chapter 13 Statement of Current Monthly and Disposable Income, Declaration/Schedules Signatures, Chapter 13 Plan, Summary of Assets and Liabilities, Statement of Financial Affairs and Schedules.  The 11 U.S.C. §521(i) deadline is September 4, 2018.

7. Debtor has failed to file the required documents in each of his bankruptcy cases.

8. Based on the repeated filings showing inability to tender plan payments and to maintain ongoing mortgage payments, it would appear as though the Debtor is not using the bankruptcy code as a means to reorganize but rather an abuse of the bankruptcy process.

### **MEMORANDUM**

The purpose of § 109(g) is to "balance the scales more fairly by providing the courts with greater authority to control abusive multiple filings by individual debtors." [1]  In order to dismiss a case with prejudice under § 109(g), the movant must show (1) the Debtor failed to abide by an order of the court or failed to appear before the court in proper prosecution of the case, and (2)

---

[1] In re Fulton, 52 B.R. 627, 630 (Bankr. D. Utah 1985) (citations omitted).

3

that such failure was willful.  The term "willful" in the § 109(g) context means intentional, knowing and deliberate behavior.[2]  Conduct is "willful" within the meaning of § 109(g) when the Debtor has notice of the responsibility to act, and the Debtor intentionally engaged in conduct that resulted in a failure to fulfill that responsibility.[3]  Courts may review the Debtor's conduct in prior bankruptcies to determine the whether the totality of the circumstances results in "willful failure" as repeated conduct can give rise to the court inferring that the Debtor's actions were deliberate.[4]  The term "appear" is more than a physical presence at a hearing at court and "includes, among other things, being represented at non-court hearings related to a case or filing papers in the case."[5]  The code does not define "proper prosecution of a case", but logically includes "compliance with various statutory duties the Debtor must perform including those outlined in § 341, 521, 1304, 1321, 1322, 1326, the Federal Rules of Civil and Bankruptcy Procedures and this Court's Local Rules."[6]

The Trustee requests this Court to dismiss the case under § 109(g) with a 180-day lockout against subsequent filings by Mr. Whitham.  The Debtor has not properly prosecuted this case and failed to make ongoing plan payments as required.  The Debtor's prior bankruptcies and his repeated conduct of not making ongoing plan payments indicate that the Debtor's conduct in this bankruptcy is deliberate and willful, and based on such finding dismiss this case under § 109(g) with the prohibition that the Debtor cannot file another bankruptcy petition for 180 days.

---

[2] Id. at 633.
[3] In re Tilson, Ch 13 Case No. 03-22735, Order Dismissing Case (docket 18) entered June 10, 2003. (http://www.utb.uscourts.gov/localOpinions/opinions/437opin.pdf)
[4] Fulton at 634.
[5] In re Sink, Ch 13 Case No. 02-40042, Memorandum Decision and Order Granting Motion to Dismiss Case with Prejudice (docket 20) entered February 28, 2003. (http://www.utb.uscourts.gov/localOpinions/opinions/434opin.pdf)
[6] Id.

Prejudice to creditors exists when creditors are delayed in pursing their contractual remedies either by repeated filings or proposal of a plan that has no ability to be consummated.[7] Serial filings not only denies creditors of their collection rights, but allows debtors to use § 362 as a sword rather than a shield as was intended.[8]

Section 105 gives Bankruptcy Courts broad equitable powers to issue any order, process or judgment that is necessary or appropriate to carry out the provisions of the Bankruptcy Code or prevent an abuse of process,[9] and to specifically address instances of bad-faith, serial filings (s*ee United States v. Boulware*, 604 F.3d 832 (4th Cir. 2010); *Dempsey v. Carter*, No. 07-1042, 2007 WL 2478674 (7th Cir. 2007) (unpublished); *In re Ellsworth*, 455 B.R. 904, 921-22 (B.A.P. 9th Cir. 2011); *In re Cusano*, 431 B.R. 726, 735-37 (B.A.P. 6th Cir. 2010); *In re Marshall*, 407 B.R. 359, 363 (B.A.P. 8th Cir. 2009);and *In re Gonzalez-Ruiz*, 341 B.R. 371, 386 (B.A.P. 1st Cir. 2006)).

If the Court finds that dismissal with prejudice to not be the appropriate remedy, the Trustee requests additional relief in the form of protective language from the Debtor. If the case 18-is dismissed prior to within one year of entry of the confirmation order, the hearing shall be with a 180 day bar to re-filing bankruptcy relief.  If any payment is more than 21 days delinquent, the case may be dismissed without further notice or hearing upon the filing of a declaration of non-compliance and proposed order of dismissal. Without these protective measures, the Trustee requests the case be dismissed immediately and with the 180 day bar to refiling immediately.

---

[7] Frieouf at 1104.
[8] Norton at 683.
[9] Marrama v. Citizen Bank of Massachusetts, 549 U.S. 365 (2007).

## **CONCLUSION**

WHEREFORE, the Trustee requests entry of an Order granting the relief requested in the Motion.

DATED: September 4, 2018.

Katherine T. Kang /s/
Lon A. Jenkins, Esq.
Tami Gadd-Willardson, Esq.
MaryAnn Bride, Esq.
Katherine T. Kang, Esq.
Office of Standing Chapter 13 Trustee

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing motion to dismiss with prejudice was served upon all persons entitled to receive notice in this case via ECF notification or by U.S. Mail to the following parties on September 5, 2018.

CHRISTOPHER WHITHAM
14497 SOUTH GRAY FOX DRIVE
BLUFFDALE, UT 84065

__/s/_Helen Doherty___
Office of the Chapter 13 Trustee